(No. 6262— )

MICHAEL H. ROTMAN, Special Administrator of the Estate of James P. Fiormonti, Claimant, *v.* THE DEPARTMENT OF CORRECTIONS OF THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 10, 1979.*

HOLDERMAN, J.

This matter comes before the Court upon the motion of Respondent to dismiss and Claimant's answer to said motion.

Claimant is the administrator of the estate of James P. Fiormonti.

The amended complaint consists of two separate counts, each alleging damages due to the estate. The first count claims entitlement for damages due to an alleged unjust imprisonment and the second count claims entitlement for damages due to a wrongful death resulting from the unjust imprisonment.

The facts in this case are, briefly, as follows. The facts concerning James P. Fioramonti's convictions were stipulated by both sides according to the record, and are as follows.

a. Indictment Number 66-492—Claimant was convicted and sentenced to a term of ten to 15 years in the State Penitentiary on November 10, 1967.

b. Indictment Number 66-3289—Claimant was convicted and sentenced to a term of ten to 15 years

in the State Penitentiary also on November 10, 1967.

c. Indictment Number 64-573 & 64-574—Claimant pleaded guilty on November 22, 1967 and was sentenced on November 27, 1967 to concurrent terms of ten to 15 years.

d. All of the terms of ten to 15 years were to be served concurrently.

e. On March 30, 1971, the Governor of Illinois pardoned the Claimant for Indictment Number 66-492 and the sentence for Indictment Number 66-3289 was commuted from ten-15 years to five-15 years.

f. The record shows no commutation, pardon or other action concerning the conviction and sentence for Indictment Numbers 64-573 and 64-574.

According to the foregoing facts, the Claimant was convicted and sentenced to serve concurrently all four indictments. Two of those indictments, which were being served during the period in question, were not pardoned nor even commuted in any way. Therefore, since Claimant was serving a valid sentence during the period in question, the Claimant was not unjustly imprisoned for the period in question.

Assume for the moment that the Claimant had a cause of action for unjust imprisonment resulting from the one indictment which was pardoned. There remains a second question concerning the validity of this claim. Does the cause of action for unjust imprisonment survive the Claimant's death, which happened on June 14, 1973?

Unjust imprisonment is a statutory cause of action confined to section 8 of the Court of Claims Act (Ill. Rev. Stat. 1975, ch. 37, par. 439.8) which provides:

"The Court shall have exclusive jurisdiction to hear and determine the following matters: (c) [A]ll claims against the state for time unjustly served in prisons of this State where the persons imprisoned shall receive a pardon from the governor ° ° °."

It is Claimant's contention that the claim for unjust imprisonment survives the death of Claimant and that his estate is entitled to carry on the proceedings for recovery for the two counts alleged in the amended complaint.

Respondent calls attention to the fact that regarding the claim for unjust imprisonment, two of the sentences he was serving had not been pardoned or commuted at the time of his death. This Court has always held that it is essential before recovery can be made for unjust imprisonment that the individual claiming the damages has been pardoned by the governor. The fact that proceedings had been started to obtain this pardon does not, in the opinion of the Court, satisfy the statutory requirements as to being pardoned.

The Respondent, in regard to Count II, moves for the dismissal of that count on the grounds that Claimant failed to provide statutory notice as required by section 22—1 of the Court of Claims Act, (Ill. Rev. Stat. 1975, ch. 37, par. 439.22—1) which states that an action for wrongful death must be commenced within two years after the death of the person injured. Notice in the present case was given two years, six months and 13 days after the death of Claimant.

It is hereby ordered that Respondent's motion to dismiss be, and the same is, granted and this cause is dismissed.